**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRISTAN WILLIAMS <br> v. <br><br> UNITED FINANCIAL CASUALTY COMPANY | : <br> : <br> : <br> : <br> : <br> : <br> : <br> :    2:21-CV-1901 |

**NOTICE OF REMOVAL**

AND NOW, comes the defendant, United Financial Casualty Company, for the purpose of filing a notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania, and respectfully avers as follows:

1. This is a civil action filed and currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, March Term 2021. No. 02573.

2. Plaintiff Tristan Williams [hereinafter "Plaintiff"] initiated this action via a Complaint filed on March 25, 2021. *A true and correct copy of the Complaint is attached hereto as Exhibit A*.

3. Upon information and belief, Defendant has not yet been served in this matter.

4. The averments made herein are true and correct with respect to the date and time upon which suit was commenced, and the date upon which this notice is filed.

5. Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446(b).

6.	28 U.S.C. §1446(b) provides that:

*The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.*

7.	As the moving party, Defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

8.	In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

9.	The Complaint alleges that Plaintiff is a resident and citizens of the Commonwealth of Pennsylvania. See *Complaint* at ¶ 1.

10.	Plaintiff does not allege any alternative state of residence.

11.	Accordingly, upon information and belief, the Commonwealth of Pennsylvania is the state in which plaintiff is domiciled and, therefore, the state of which plaintiff is a citizen for purposes of determining diversity.

12.	Defendant is now, and was at the time this action was initiated, a corporation organized under the laws of the State of Ohio, with a principal place of business located at 6300 Wilson Mills Rd., Mayfield Village, OH 44143.

13.	Therefore, Defendant is a citizen of Ohio for purposes of determining diversity pursuant to 28 U.S.C. § 1332(c)(1).

14.	The underlying lawsuit arises out of an alleged motor vehicle accident of January 11, 2020. See *Complaint* at ¶ 4-7.  Plaintiff is claiming uninsured motorist benefits for personal injuries he alleged he sustained in this motor vehicle accident.

15. The amount in controversy listed in the Complaint is in excess of $50,000.00. [1]

16. Plaintiff is claiming serious, severe and permanent bodily injuries to the back, neck and both shoulders, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries as well as headaches. See *Complaint* at ¶ 9 and 12.

17. Defendant maintains that it has met its burden that diversity jurisdiction is proper, based upon the claims asserted in the complaint and the potential damages outlined therein

18. This Notice of Removal was timely filed within 30 days of the effective date of service of the Complaint on Defendant.

19. Defendant has, simultaneously with the filing of this notice, given written notice to Plaintiff of the same.

20. Defendant is also filing a copy of the instant notice of removal and all relevant attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

---

[1] Additionally, defense counsel contacted plaintiff's counsel to determine if plaintiff would be willing to stipulate to capping damages at $75,000.00 in lieu of removal to federal court. Plaintiff's counsel indicated he could not stipulate to capping damages at $75,000.00.

WHEREFORE, United Financial Casualty Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:   */s/ Beth A. Carter*
**BETH A. CARTER, ESQUIRE**
**I.D. No. 85632**
**Centre Square, West Tower**
**1500 Market Street, 32nd Floor**
**Philadelphia, PA 19102**
**(215) 561-4300**
**carter@bbs-law.com**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRISTAN WILLIAMS : | |
|             v. : | 2:21-CV-1901 |
|  : | |
| UNITED FINANCIAL CASUALTY : | |
| COMPANY : | |
|  : | |
|  : | |

## NOTICE TO PLAINTIFF

TO:  Tristan Williams
     c/o Marc I. Simon Esquire
     1818 Market Street, Suite 2000
     Philadelphia, PA 19103

Please take notice that defendant, United Financial Casualty Company, by and through its attorneys Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, March Term 2021, No. 02573 captioned Tristan Williams v United Financial Casualty Company.

                               **BENNETT, BRICKLIN & SALTZBURG LLC**


           **BY:**   */s/ Beth A. Carter*
                  **BETH A. CARTER, ESQUIRE**
                  **Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRISTAN WILLIAMS : <br> v. : <br> : 2:21-CV-1901 <br> UNITED FINANCIAL CASUALTY : <br> COMPANY : <br> : <br> : | |

**PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA      :

COUNTY OF PHILADELPHIA      :

Beth A. Carter, Esquire, being duly sworn according to law, deposes and says that she is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, United Financial Casualty Company, and that she did direct the filing with the Prothonotary of Philadelphia County a copy of the Notice of Removal attached hereto, said filing to be made on April 23, 2021 by electronic filing.

    Marc I. Simon, Esquire
    1818 Market Street, Suite 2000
    Philadelphia, PA 19103

Dated:  April 23, 2021           **BENNETT, BRICKLIN & SALTZBURG LLC**

                                                      BY:   */s/ Beth A. Carter*
                                                             **BETH A. CARTER, ESQUIRE**
                                                              **Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

Marc I. Simon, Esquire
1818 Market Street, Suite 2000
Philadelphia, PA 19103

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | § |
| COUNTY OF PHILADELPHIA | : |

Beth A. Carter, Esquire, after being first duly sworn upon oath, deposes and says that she is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant, United Financial Casualty Company, that she did serve this 23rd day of April 2021, the aforementioned Notice to plaintiff upon the individual named below by electronic mail to:

Marc I. Simon, Esquire
1818 Market Street, Suite 2000
Philadelphia, PA 19103


Dated:   April 23, 2021                               **BENNETT, BRICKLIN & SALTZBURG LLC**


                                         **BY:**   */s/ Beth A. Carter*
                                                **BETH A. CARTER, ESQUIRE**
                                                **Attorney for Defendant**

# Exhibit A

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the
Office of Judicial Records
25 MAR 2021 01:35 pm
I. LOWELL*

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire        James Gundlach, Esquire
     Joshua A. Rosen, Esquire      Christopher Green, Esquire
     Matthew J. Zamites, Esquire   William Nieves, Esquire
     Brian F. George, Esquire      Kane Daly, Esquire
     Andrew Baron, Esquire         Brittany Sturges, Esquire
     Joshua Baer, Esquire          Matthew Dobson, Esquire
     Michael K. Simon, Esquire     Kelly Peterson, Esquire
     Sam Reznik, Esquire           Sarkis Dramgotchian, Esquire
     Mary G. McCarthy, Esquire
     Harry Gosnear, Esquire
     Daniel Ward, Esquire

Attorney ID No.'s:              ***Attorneys for Plaintiff***
*201798*

1818 Market Street, 20th Floor
Philadelphia, PA  19103
(215-467-4666)

| | |
|---|---|
| Tristan Williams<br>3450 Old York Rd.<br>Philadelphia, PA 19140 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
|               Plaintiff<br>vs. | March Term 2021 |
| United Financial Casualty Company<br>6300 Wilson Mills Rd.<br>Mayfield Village, OH 44143<br>              Defendant | No.: |

Case ID: 210302573

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson.  You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>**PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE**<br>**One Reading Center**<br>**Philadelphia Pennsylvania 19107**<br>**Telephone:  (215) 238-1701** | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**Teléfono:  (215) 238-1701** |

Case ID: 210302573

## COMPLAINT

1. Plaintiff, Tristan Williams, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, United Financial Casualty Insurance Company, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the State of Ohio, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

3. Upon information and belief, Defendant regularly and systematically transacts business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

4. On or about January 11, 2020 at approximately, 2:10 a.m., Plaintiff, Tristan Williams, was the passenger of a motor vehicle, which was traveling at or near the intersection of E Erie Ave. & M St., in Philadelphia, PA.

5. At the same date and time, tortfeasor, who is unknown, was the operator of a motor vehicle which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

6. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision rear-ending the vehicle in which Plaintiff was a passenger.

7. The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his/her vehicle in such a manner so as to rear-end the vehicle in which Plaintiff was a passenger.

8. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

Case ID: 210302573

9. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries including to the back, neck and both shoulders, as well as headaches, as set forth more fully below.

## COUNT I
### Tristan Williams v. United Financial Casualty Company
### Uninsured Motorists Coverage

10. Plaintiff incorporates the allegations set forth in the above paragraphs of this Complaint, as if set forth at length herein.

11. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of the following:

    a. Rear-ending the vehicle in which Plaintiff was a passenger;

    b. Failing to yield the right-of-way;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

    d. Failing to maintain proper distance between vehicles;

    e. Operating said vehicle in a negligent and/or careless manner as to rear-end the vehicle in which Plaintiff was a passenger, without regard for the rights or safety of plaintiff or others;

    f. Failing to have said vehicle under proper and adequate control;

    g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    h. Violation of the "assured clear distance ahead" rule;

    i. Failure to keep a proper lookout;

j. Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which Plaintiff was a passenger;

k. Being inattentive to his/her duties as an operator of a motor vehicle;

l. Disregarding traffic lanes, patterns, and other devices;

m. Driving at a high rate of speed which was high and dangerous for conditions;

n. Failing to remain continually alert while operating said vehicle;

o. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

t. Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger, when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision.

12. As a direct result of the negligent conduct of the tortfeasor, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious

disfigurement, aggravation of certain injuries and/or other ills and injuries including to the back, neck and both shoulders, as well as headaches, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Upon information and belief, the aforesaid tortfeasor, was operating a vehicle which was not covered by any policy of insurance to provide coverage for Plaintiff's injuries.

17. If it is found that the averment set forth in the immediately preceding paragraph of Plaintiff's Complaint is true, then Plaintiff asserts an Uninsured Motorist Claim against Defendant.

18. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance, under Policy Number 06254914-0 which included uninsured motorist coverage.

19. The aforesaid policy of insurance issued by Defendant, provides for uninsured motorist coverage applicable to Plaintiff as a result of the aforesaid motor vehicle collision to the above named Plaintiff.

20. Accordingly, if the averments set forth above are found to be true, Plaintiff hereby asserts a claim against Defendant, for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, Tristan Williams, demands judgment in Plaintiff's favor and against Defendant, United Financial Casualty Company, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

                SIMON & SIMON, P.C.
BY:        /s
                Marc I. Simon, Esquire
                Simon & Simon, P.C.
                1818 Market Street
                Suite 2000
                Philadelphia, PA 19103
                215-467-4666
                *Attorney for Plaintiff*

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*Williams* (signature)